IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv264

| | | |
|---|---|---|
| MAX BAILEY; MARGARET DALTON; CARLTON BILL HUNTLEY; K.C., by his mother and next friend, Margaret Dalton; A.D., by her grandmother and next friend, Margaret Dalton; and STEVE MARLOWE, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | ORDER |
| POLK COUNTY, NORTH CAROLINA; POLK COUNTY SHERIFF'S DEPARTMENT; MATT PRINCE; TRENT CARSWELL; CHRIS ABRIL; CHARLES GRADY SHEHAN; UNKNOWN POLICE OFFICERS; and OTHER UNKNOWN STATE AND FEDERAL LAW ENFORCEMENT AGENCIES, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on preliminary review of the Complaint.

Plaintiffs allege in their Complaint, as follows:

7. Plaintiff K.C. is a minor child and natural person residing at 317 Hickory Hollow Drive, Mill Spring, NC 28756, and was a resident of North Carolina during all relevant times of this action. K.C. appears in this action through his mother and next friend, Plaintiff Margaret Dalton.

8. Plaintiff A.D. is a minor child and natural person residing at 317

-1-

> Hickory Hollow Drive, Mill Spring, NC 28756, and was a resident of North Carolina during all relevant times of this action. A.D. appears in this action through her grandmother, legal guardian and next friend, Plaintiff Margaret Dalton.

Complaint (#1), at ¶¶ 7-8. Such method of providing representation for a minor defendant is not compliant with the Federal Rules of Civil Procedure.

Minors may not appear as litigants in federal civil procedures without the assistance of guardians:

> **(c) Minor or Incompetent Person.**
> **(1) With a Representative.**
> The following representatives may sue or defend on behalf of a minor or an incompetent person:
>
>       (A)   a general guardian;
>       (B)   a committee;
>       (C)   a conservator; or
>       (D)   a like fiduciary.
> **(2) Without a Representative.**
> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. **The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.**

Fed.R.Civ.P. 17(c)(emphasis added). Thus, the federal rules specifically require the appointment of guardians *ad litem*. While plaintiff has attempted to unilaterally nominate a parent and a grand parent as next friends, the language that provides that a minor "may sue" through a next friend or a guardian *ad litem* still requires court approval as the "may sue" language of the rule does not make the appointment of a

representative permissive, rather, it is only permissive as to the type of representative through which the minor may appear. Id. The language of the Rule could not be clearer that "[t]he court must appoint a guardian ad litem . . . ." Id.

It is fundamental to civil practice that minors are not competent to sue or be sued without the appointment of a guardian *ad litem* and that any judgment rendered as to an unrepresented minor would be voidable. This means that if the court moved forward, these minor plaintiffs could, upon reaching their respective majorities, void the judgment. This would be a waste of judicial and taxpayer resources. Williston on Contracts, provides as follows:

> An infant cannot personally prosecute an action in court. Rather, an action on his or her behalf must be brought either by a guardian or by a next friend. At common law, it is a good plea in abatement that a plaintiff who sues without a guardian or next friend is an infant. If a judgment is entered against a minor plaintiff who sues without being thus represented, the judgment will be voidable, and in some jurisdictions, void. When judgment is rendered in favor of the infant and is "not prejudicial to his interest," it has been held not void. This practice of allowing an infant to sue by his or her next friend instead of by a guardian is derived from an early English statute and is carried forward by the Federal Rules of Civil Procedure and their state counterparts.
> The general guardian "is usually the proper person to represent the infant in such action. But there are frequently cases when the infant may properly sue by next friend, notwithstanding the existence of such guardian, as when the guardian is absent or is unwilling or unable to institute or prosecute the required action or appeal, and especially when, though declining to take such action himself, he does not forbid such proceeding, or when he is disqualified by interest hostile to that of the infant, or is for other reasons an improper or unsuitable person to prosecute such actions in behalf of the ward."

> Although the next friend is not appointed by the court, the next friend's authority to prosecute an action may be revoked by the court. The action is properly brought in the name of the infant with the statement that he or she is represented by a stated next friend or guardian, not in the name of the next friend or guardian. In most jurisdictions, if an infant is sued, it is the duty of his or her general guardian, if he or she has one, to appear and defend the action, or the court will appoint a guardian ad litem. Neither an "asserted or actual parent, may claim to be a guardian ad litem of his minor child as a matter of right. A guardian ad litem is appointed as a representative of the court to act for the minor in the cause, with authority to engage counsel, to file suit and to prosecute, control and direct the litigation. As an officer of the court the guardian ad litem has full responsibility to assist the court 'to secure the just, speedy and inexpensive determination' of the action."
>
> If the infant has no general guardian, or if the general guardian has an adverse interest, the court will appoint a guardian ad litem. It should be noted that the infant has no power to bind herself by an appearance on her own behalf, or by an attorney of her own appointment, or by a next friend; and a judgment obtained against an infant without the appearance of a guardian, or a guardian ad litem, is voidable, and in some jurisdictions void, as is a judgment against a minor who was represented only by a guardian whose interests were adverse to the minor's own interest. Similarly, it has been held that a consent judgment confessed by an insurer on behalf of the insured and his son was voidable when the consent of the infant son and his guardian had not been obtained.

WILLSTN-CN § 9:25. Thus, the practice in this court requires the appointment by the court of a guardian ad litem so as to avoid the problems that follow with a "next friend." In this case, those problems could clearly arise as plaintiffs have proposed a parent as a next friend, who may well have a conflicting interest. Plaintiff is advised to file motions for appointment of a guardian *ad litem* for each minor plaintiff.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs file appropriate motions for appointment of guardians *ad litem* within 14 days.

Signed: January 6, 2011

Dennis L. Howell
United States Magistrate Judge