# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:10cv264

| | |
|---|---|
| MAX BAILEY; MARGARET DALTON; CASEY JOE HUNTLEY, as personal representative of the Estate of CARLTON BILL HUNTLEY, deceased; K.C., by his mother and next friend, Margaret Dalton; A.D., by her grandmother and next friend, Margaret Dalton; and STEVE MARLOWE, <br><br>Plaintiffs, <br><br>vs. <br><br>POLK COUNTY, NORTH CAROLINA; POLK COUNTY SHERIFF'S DEPARTMENT; MATT PRINCE; TRENT CARSWELL; CHRIS ABRIL; CHARLES GRADY SHEHAN; UNKNOWN POLICE OFFICERS; and OTHER UNKNOWN STATE AND FEDERAL LAW ENFORCEMENT AGENCIES, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## MEMORANDUM OF DECISION AND ORDER

**THIS MATTER** is before the Court on the Partial Motion to Dismiss Complaint filed by Polk County, Polk County Sheriff's Department, Chris Abril, Matt Prince, and Trent Carswell [Doc. 21]; the Magistrate Judge's Memorandum and Recommendation [Doc. 24] regarding the disposition of

that motion; and Plaintiffs' Motion for Leave to File Amended Complaint [Doc. 28].

I.   **PROCEDURAL BACKGROUND**

On November 10, 2010, the Plaintiffs Max Bailey ("Bailey"), Margaret Dalton ("Dalton"), Carlton Bill Huntley ("Huntley"), minors K.C. and A.D., and Steve Marlowe ("Marlowe") filed this action asserting claims under 42 U.S.C. § 1983 and North Carolina law against Polk County, the Polk County Sheriff's Department ("Sheriff's Department"), Polk County Sheriff Chris Abril ("Sheriff Abril"), Polk County Sheriff's Department employees Matt Prince ("Prince") and Trent Carswell ("Carswell"), informant Charles Grady Shehan ("Shehan"), and unknown police officers and other unknown state and federal law enforcement agencies (collectively, "John Doe Defendants"), for actions relating to the execution of three search warrants on November 13, 2007. [Doc. 1].  The Plaintiffs' Complaint asserts the following claims for relief:

- False arrest in violation of 42 U.S.C. § 1983, asserted by all Plaintiffs against all Defendants (Count 1);

- Unreasonable detention and confinement in violation of 42 U.S.C. § 1983, asserted by all Plaintiffs against all Defendants (Count 2);

- Unreasonable search in violation of 42 U.S.C. § 1983, asserted by all Plaintiffs against all Defendants (Count 3);

2

- Conspiracy, in violation of 42 U.S.C. § 1983, asserted by all Plaintiffs against all Defendants (Count 4);

- Deprivation of constitutional rights pursuant to an unlawful policy or custom in violation of 42 U.S.C. § 1983, asserted by all Plaintiffs against Sheriff Abril, the Sheriff's Department, and the Unknown State and Federal Law Enforcement Agencies (Count 5);

- False arrest and imprisonment in violation of North Carolina law, asserted by Plaintiffs Bailey, Dalton, Huntley, K.C., and A.D. against Prince, Carswell, and the Unknown Police Officers and against the Sheriff's Department, Sheriff Abril, and the Unknown State and Federal Law Enforcement Agencies under the doctrine of *respondeat superior* (Count 6);

- Assault in violation of North Carolina law, asserted by Plaintiffs Huntley, Dalton, K.C., and A.D. against Carswell and the Unknown Police Officers and against the Sheriff's Department, Sheriff Abril, and the Unknown State and Federal Law Enforcement Agencies under the doctrine of *respondeat superior* (Count 7);

- Battery in violation of North Carolina law, asserted by Plaintiffs Huntley and Bailey against Carswell and the Unknown Police Officers and against the Sheriff's Department, Sheriff Abril, and the Unknown State and Federal Law Enforcement Agencies under the doctrine of *respondeat superior* (Count 8);

- Intentional infliction of emotional distress in violation of North Carolina law, asserted by all Plaintiffs against all Defendants (Count 9);

- Property damage in violation of North Carolina law, asserted by Plaintiffs Bailey, Marlowe, and Huntley against all Defendants (Count 10); and

- Municipal liability under 42 U.S.C. § 1983, asserted by all Plaintiffs against Polk County (Count 11).

[Doc. 1]. All of the individual Defendants were sued in both their official and individual capacities.

On January 25, 2011, the Defendants moved to dismiss all of the Plaintiffs' claims, with the exception of Huntley's claim against Carswell in his individual capacity for false arrest under 42 U.S.C. § 1983, as stated in Count 1, and Huntley's state law claims against Carswell for false arrest and imprisonment, assault, battery, and intentional infliction of emotional distress, as stated in Counts 6 through 9. [Doc. 21]. Plaintiffs filed a Response, opposing the Defendants' motion. [Doc. 22].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendants' motion and to submit to this Court a recommendation for the disposition of this motion. On March 7, 2011, the Magistrate Judge filed a Memorandum and Recommendation, recommending that the Defendants' motion be granted. [Doc. 24]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id.].

On March 21, 2011, the Plaintiffs filed a "Response" to the Memorandum and Recommendation, stating that they did not object to the dismissal of the claims against Polk County, the Sheriff's Department, and the official capacity claims against Sheriff Abril, Carswell, and Prince. [Doc. 25]. With respect to the other claims stated in the Complaint, the Plaintiffs indicated that they would be filing a motion for leave to amend the Complaint. The Plaintiffs requested that the Court hold the Magistrate Judge's Recommendation in abeyance pending resolution of the motion to amend. [Id.].[1]

On April 5, 2011, the Plaintiffs filed their motion seeking leave to amend the Complaint. [Doc. 28]. The stated purpose of this amended pleading was "to provide more detailed factual allegations that could aid in resolving the case on the merits, and to address deficiencies in the original complaint identified in the Magistrate Judge's recommendations." [Doc. 30 at 2]. While eliminating the claims asserted against Polk County and the Polk County Sheriff's Department, the Proposed Amended Complaint otherwise asserts the same claims for relief as asserted in the original Complaint but with additional

---

[1]Also on March 21, 2011, the Plaintiffs filed an unopposed motion to substitute Casey Joe Huntley, the Personal Representative of the Estate of Carlton Bill Huntley, for the Plaintiff Carlton Bill Huntley, who died on December 21, 2010. [Doc. 26]. The Plaintiffs' motion for substitution was granted on April 4, 2011. [Doc. 27].

5

factual allegations in support of these claims.[2] [Doc. 28-1]. Additionally, the Proposed Amended Complaint names thirteen additional law enforcement officers, including twelve Sheriff's Department employees, and one City of Columbus Police Department officer, as Defendants. While the Plaintiffs assert in their motion to amend that these newly named Defendants are being substituted for the John Doe Defendants named in the original Complaint [Doc. 30 at 3], the Proposed Amended Complaint still names "Unknown Police Officers" an "Other Unknown State and Federal Law Enforcement Agencies" as Defendants [Doc. 28-1].

## II. ANALYSIS

A party may amend its own pleading once as a matter of course within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). In all other cases, a party may amend only with the consent of the opposing party or with leave of Court. Fed. R. Civ. P. 15(a)(2).

---

[2]Although the Plaintiffs indicated in their "Response" to the Memorandum and Recommendation that they did not oppose dismissal of their official capacity claims, the Proposed Amended Complaint still asserts claims against Sheriff Abril, Carswell, and Prince in their official capacities. [See Doc. 28-1 at ¶¶10-12].

Ordinarily, the Court "should freely give leave when justice so requires." Id.; Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). While leave should be given freely, the Court in its discretion may deny a motion to amend where there has been "a showing of prejudice, bad faith, futility, or dilatoriness associated with the motion." Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc., 853 F.2d 1139, 1148 (4th Cir. 1988) (quoting Ward Elec. Serv. v. First Comm. Bank, 819 F.2d 496, 497 (4th Cir. 1987)). "Although delay alone is insufficient to justify the denial of leave to amend, delay accompanied by bad faith is not." Ferguson v. Maita, 162 F.Supp.2d 433, 441 (W.D.N.C. 2000). "Where the facts upon which a new claim [is] based were known at the time of the original complaint . . ., it is not an abuse of discretion to find bad faith." Id.; see also Al-Abood ex rel. Al-Abood v. El-Shamari, 217 F.3d 225, 234 (4th Cir. 2000). Moreover, where a motion to amend is filed in an attempt to circumvent a dispositive motion, leave to amend need not be granted. See Googerdy v. N.C. Agric. and Technical State Univ., 386 F.Supp.2d 618, 623 (M.D.N.C. 2005).

In the present case, the Plaintiffs had twenty-one days from the filing of the Defendants' motion to dismiss to file an amended complaint as of right. See Fed. R. Civ. P. 15(a)(1)(B). In fact, the Plaintiffs acknowledged in their Response the need to amend their Complaint in light of the Defendants'

7

motion. [See Doc. 22 at 7, 8].  Despite having the unilateral right to do so, the Plaintiffs failed to amend their Complaint within the time required, thus requiring the Court to rule on the Motion to Dismiss.  As noted by the Magistrate Judge in the Memorandum and Recommendation, "plaintiffs could have well resolved other issues raised in the Partial Motion to Dismiss by carefully amending its Complaint, including the naming of John Doe Defendants.  By not taking unilateral action, plaintiffs have necessitated the court taking up the merits of the motion."   [Doc. 24 at 24 n.3].

In their Proposed Amended Complaint, the Plaintiffs do not assert any newly discovered facts, nor do they advance any new legal theories.  Indeed, they admit that the newly pled allegations are based upon information made available to them during the underlying state court proceedings, which took place in 2008.  For example, Plaintiffs cite as a source for their newly pled allegations a "photocopied, handwritten list of names of officers who participated in the raids" that was disclosed to Plaintiff Marlowe in the course of discovery in the state criminal proceedings. [See Doc. 30 at 3].[3] In addition

---

[3]Plaintiffs contend that because this list "was illegible in places, and replete with spelling errors," Plaintiffs' counsel chose to identify these officers as "Unknown Officers" in the original Complaint, apparently anticipating that the list of officers "could be more accurately delineated through discovery, and the complaint then amended to conform to that evidence." [Id.].  Discovery, however, was evidently not required to identify  such officers, as the Plaintiffs' Proposed Amended Complaint, which was prepared in response to the Memorandum and Recommendation and without the benefit of discovery, "names all of those officers listed, with spellings approximated to the best of

8

to relying on the list of officers, Plaintiffs' new factual allegations rely upon the testimony provided at the suppression hearing held by the Polk County Superior Court in the underlying state criminal proceedings as well as the discovery provided by the officers in that case. [See Doc. 32 at 2]. All of this information -- the list of officers, the discovery provided in the criminal action, and the suppression hearing testimony -- was readily available to the Plaintiffs prior to the filing of the original Complaint. The fact that this information was available to Plaintiffs even before the commencement of this action leads to the Court to conclude that the Plaintiffs' proposed amendment is not only dilatory but also lacking in good faith. See Ferguson, 162 F.Supp.2d at 441.

Perhaps most troubling to the Court, however, is the fact that Plaintiff's motion to amend was filed in an obvious attempt to circumvent the recommendation of the Magistrate Judge regarding the disposition of the Defendants' partial motion to dismiss. See Googerdy, 386 F.Supp.2d at 623. In responding to the motion to dismiss, Plaintiffs admitted to the existence of numerous deficiencies in their Complaint and acknowledged the need to amend their pleading; however, they did not make any attempt to do so, despite being entitled to amend as of right within twenty-one days of the filing

---

counsel's abilities, and further alleges specific activities undertaken by certain of those officers." [Id.]. Thus, by Plaintiffs' own admission, it appears that this list, as provided, enabled the Plaintiffs to identify adequately the officers involved.

of the motion to dismiss. Having failed to amend their pleading and to address the deficiencies identified by the Defendants, the Plaintiffs left the Court with no option but to address the motion to dismiss on its merits. In so doing, the Magistrate Judge engaged in an exhaustive and thorough analysis of each of the Plaintiffs' eleven causes of action, examining the allegations regarding each of the three searches and the actions of each of the individual Defendants with respect to each Plaintiff. After carefully analyzing each of the Plaintiffs' claims and the factual allegations made in support thereof, the Magistrate Judge issued his recommendation that the Defendants' motion to dismiss be granted in its entirety. The Plaintiffs offered no objection to the Magistrate Judge's proposed conclusions of law, but instead filed their motion to amend, seeking to address the deficiencies identified by the Magistrate Judge in his analysis.

To allow the Plaintiffs to amend their Complaint at this stage of the proceedings, after the Magistrate Judge has issued a formal recommendation regarding the disposition of a dispositive motion, would not only prejudice the Defendants, who have expended the time and expense of fully briefing a motion to dismiss; it "would encourage dilatory practices on the part of plaintiffs in delaying motions for leave to amend until after they have the benefit of a Magistrate Judge's opinion rather than at the time the new

information is discovered." Glazer v. Chase Home Finance LLC, No. 1:09CV1262, 2010 WL 1391318, at *1 (N.D. Ohio Mar. 31, 2010). Moreover, allowing such amendment would "impermissibly place a federal judge in the position of rendering advisory opinions." Id. The referral of a dispositive motion to the Magistrate Judge for a recommendation as to its disposition is not intended to provide the parties with a advisory ruling on the sufficiency of their pleadings. Rather, it is a mechanism by which the Magistrate Judge can evaluate the merits of a dispositive motion and make recommendations to the District Court regarding its disposition. Once a Magistrate Judge has made a recommendation, the parties must file properly supported objections in order to obtain *de novo* review by the District Court. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Plaintiffs' proposed amendment, however, would render this entire procedure a nullity. See Googerdy, 386 F.Supp.2d at 623 ("To allow amendment each time a complaint is challenged would wreak havoc on the judicial system by adding substantial delay and undermining the Federal Rules of Civil Procedure.").

The Plaintiffs argue that the Proposed Amended Complaint is neither dilatory nor in bad faith because, as acknowledged by the Defendants, some of the causes of action asserted therein state valid claims and therefore the amendment would not be futile. [Doc. 32 at 2]. The futility of the proposed

11

amendment, however, is not the issue. Plaintiffs seek to amend their Complaint based on facts which were available to them prior to the filing of this action, which demonstrates that the proposed amendment is both dilatory and in bad faith. Further, they delayed filing a motion to amend until after the Magistrate Judge issued a Memorandum and Recommendation regarding the disposition of the Defendants' motion to dismiss, which demonstrates that the Plaintiffs were attempting to circumvent the Magistrate Judge's recommendation regarding the disposition of Defendants' dispositive motion. It is for these reasons -- not because of the futility of the proposed amendments -- that the Court finds that Plaintiffs' motion to amend should be denied.

Finally, the Plaintiffs argue that their motion to amend should be allowed because the Fourth Circuit has expressed a "strong policy that cases be decided on the merits and that dismissal without deciding the merits is the most extreme sanction." [Doc. 32 at 2 (citing United States v. Shaffer Equip. Co., 11 F.3d 450, 462 (4th Cir. 1993)]. The Shaffer case upon which the Plaintiffs rely is entirely distinguishable from the instant case. In Shaffer, the district court invoked its inherent power to dismiss a case with prejudice based upon the misconduct and lack of candor of plaintiff's counsel. Id. at 452. Noting that dismissal under these circumstances was "the most extreme

12

sanction," the Fourth Circuit reversed, finding that the district court's objectives of punishing the wrongdoers, deterring similar future conduct, and compensating the defendant could be achieved by a lesser sanction short of dismissal. Id. at 462-63. In the present case, however, Plaintiffs' claims are not being dismissed as a sanction for any misconduct. Rather, the Court has been presented with a properly supported motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a recommendation from the Magistrate Judge regarding the disposition of that motion to which no objections were filed. It is on the basis of the Defendant's motion -- and the Magistrate Judge's Recommendation -- that the Court dismisses the Plaintiffs' claims. The disfavor expressed in Shaffer regarding the dismissal of actions as a sanction for litigation misconduct is simply inapplicable to this case.

With the adoption of the Magistrate Judge's Memorandum and Recommendation, and with the denial of the Plaintiffs' motion to amend, the only federal claim remaining before the Court is the § 1983 claim for false arrest originally asserted by Plaintiff Carlton Bill Huntley against Defendant Carswell. Following Carlton Bill Huntley's death on December 21, 2010, the personal representative of his estate, Casey Joe Huntley, was substituted as a party plaintiff. [Doc. 27]. The Defendants contend that this remaining federal claim abated upon the death of Carlton Bill Huntley. [See Doc. 31 at

13

3 n.1].[4] If the Defendants are correct and the only federal claim remaining has abated, the Court in the exercise of its discretion may decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3).

Due to the procedural posture of this case, these jurisdictional issues have not been addressed in any formal manner by the parties. Before deciding whether this claim has abated, and whether supplemental jurisdiction should continue to be exercised, the Court will afford the parties the opportunity to address these issues by way of supplemental briefing.

## III. CONCLUSION

After a careful review of the Magistrate Judge's Recommendation, the Court finds that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation that the Defendants' motion to dismiss be granted. The Plaintiffs' motion for leave to file an amended complaint is hereby denied.

---

[4] The Defendants merely raise this contention in a footnote in their response to the Plaintiffs' Motion to Amend and do not seek any formal adjudication of the claim. Plaintiffs do not address the abatement issue in their reply brief.

# **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Memorandum and Recommendation [Doc. 24] is **ACCEPTED**, and the Partial Motion to Dismiss Complaint by Polk County, Polk County Sheriff's Department, Chris Abril, Matt Prince, and Trent Carswell [Doc. 21] is **GRANTED** as follows:

(1) The Plaintiffs' claims for relief against Polk County and the Polk County Sheriff's Department are **DISMISSED**;

(2) The Plaintiffs' claims for relief against Defendants Abril and Prince in both their individual and official capacities are **DISMISSED**;

(3) The Plaintiffs' claims for relief against Defendant Carswell in his official capacity are **DISMISSED**;

(4) The Plaintiffs' claims for relief against Defendant Carswell in his individual capacity, with the exception of those claims asserted by Plaintiff Huntley for false arrest under 42 U.S.C. § 1983 as set forth in Count 1 and for false arrest and imprisonment, assault, battery, and intentional infliction of emotional distress under state law as set forth in Counts 6 through 9 are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion for Leave to File Amended Complaint [Doc. 28] is **DENIED**.

**IT IS FURTHER ORDERED** that on or before **October 14, 2011**, the parties shall file supplemental briefs with the Court addressing whether Plaintiff Huntley's remaining § 1983 claim for false arrest has abated and if so, whether this Court should decline to exercise supplemental jurisdiction over the remaining state law claims. Such briefs shall not exceed ten (10) pages length and shall be double spaced and in fourteen (14) font.

**IT IS SO ORDERED**.

Signed: September 29, 2011

Martin Reidinger
United States District Judge