# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv264

| | |
|---|---|
| MAX BAILEY; MARGARET DALTON; CASEY JOE HUNTLEY, as personal representative of the Estate of CARLTON BILL HUNTLEY, deceased; K.C., by his mother and next friend, Margaret Dalton; A.D., by her grandmother and next friend, Margaret Dalton; and STEVE MARLOWE, <br><br> Plaintiffs, <br><br> vs. <br><br> POLK COUNTY, NORTH CAROLINA; POLK COUNTY SHERIFF'S DEPARTMENT; MATT PRINCE; TRENT CARSWELL; CHRIS ABRIL; CHARLES GRADY SHEHAN; UNKNOWN POLICE OFFICERS; and OTHER UNKNOWN STATE AND FEDERAL LAW ENFORCEMENT AGENCIES, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## MEMORANDUM OF DECISION AND ORDER

**THIS MATTER** is before the Court on the following filings:

(1) Defendant Trent Carswell's Supplemental Brief Addressing Abatement of Carlton Huntley's Section 1983 False Arrest Claim [Doc. 34];

(2) Plaintiffs' Supplemental Brief Addressing Abatement of Carlton Huntley's Claims [Doc. 35];

(3) Plaintiffs' Motion for Reconsideration of Memorandum of Decision and Order Denying Plaintiffs' Motion for Leave to Amend Complaint [Doc. 36];

(4) Defendants' Response to Plaintiffs' Motion for Reconsideration [Doc. 37];

(5) Plaintiffs' Reply to Defendants' Response to the Motion for Reconsideration [Doc. 38] and

(6) Plaintiffs' Motion for Entry of Default against Defendant Charles Grady Shehan [Doc. 39].

## I. PROCEDURAL BACKGROUND

On November 10, 2010, the Plaintiffs Max Bailey ("Bailey"), Margaret Dalton ("Dalton"), Carlton Bill Huntley ("Huntley"), minors K.C. and A.D., and Steve Marlowe ("Marlowe") filed this action asserting claims under 42 U.S.C. § 1983 and North Carolina law against Polk County, the Polk County Sheriff's Department ("Sheriff's Department"), Polk County Sheriff Chris Abril ("Sheriff Abril"), Polk County Sheriff's Department employees Matt Prince ("Prince") and Trent Carswell ("Carswell"), informant Charles Grady Shehan ("Shehan"), and unknown police officers and other unknown state and federal law enforcement agencies ("John Doe Defendants"), for actions relating to the execution of three search warrants on November 13, 2007. [Doc. 1].

On January 25, 2011, the above-named Defendants, with the exception of Shehan[1], moved to dismiss all of the Plaintiffs' claims, with the exception of Huntley's claim against Carswell in his individual capacity for false arrest under 42 U.S.C. § 1983, as stated in Count 1, and Huntley's state law claims against Carswell for false arrest and imprisonment, assault, battery, and intentional infliction of emotional distress, as stated in Counts 6 through 9. [Doc. 21]. Plaintiffs filed a Response, opposing the Defendants' motion. [Doc. 22].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendants' motion and to submit to this Court a recommendation for the disposition of said motion. On March 7, 2011, the Magistrate Judge filed a Memorandum and Recommendation, recommending that the Defendants' motion be granted. [Doc. 24]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id.].

---

[1]Collectively, these Defendants will be referred to as the "County Defendants" or simply as the "Defendants." Shehan, a private individual, has been served [Doc. 17] but to date has neither appeared nor been defaulted.

On March 21, 2011, the Plaintiffs filed a "Response" to the Memorandum and Recommendation, stating that they did not object to the dismissal of the claims against Polk County, the Sheriff's Department, and the official capacity claims against Sheriff Abril, Carswell, and Prince. [Doc. 25]. With respect to the other claims stated in the Complaint, the Plaintiffs indicated that they would be filing a motion for leave to amend the Complaint. The Plaintiffs requested that the Court hold the Magistrate Judge's Recommendation in abeyance pending resolution of the motion to amend. [Id.]. Also on March 21, 2011, the Plaintiffs filed an unopposed motion to substitute Casey Joe Huntley, the Personal Representative of the Estate of Carlton Bill Huntley, for the Plaintiff Carlton Bill Huntley, who died on December 21, 2010. [Doc. 26]. The Plaintiffs' motion for substitution was granted on April 4, 2011. [Doc. 27].

On April 5, 2011, the Plaintiffs filed their motion seeking leave to amend the Complaint. [Doc. 28]. The stated purpose of this amended pleading was "to provide more detailed factual allegations that could aid in resolving the case on the merits, and to address deficiencies in the original complaint identified in the Magistrate Judge's recommendations." [Doc. 30 at 2].

4

On September 29, 2011, the Court entered an Order adopting the Magistrate Judge's Recommendation and granting the Defendants' Motion to Dismiss. [Doc. 33 at 15]. The Plaintiffs' request for leave to file an amended complaint was denied. [Id.]. Noting that the only remaining federal claim implicating the County Defendants was the § 1983 claim for false arrest originally asserted by Plaintiff Carlton Bill Huntley, now deceased, against Defendant Carswell, the Court directed the parties to file supplemental briefing on whether this claim had abated, and if so, whether the Court should continue to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). The parties subsequently filed their respective briefs on the abatement issue. [Docs. 34, 35]. On October 18, 2011, the Plaintiffs moved the Court to reconsider its Order granting the Motion to Dismiss. [Doc. 36]. The Defendants filed a Response opposing this Motion on November 1, 2011 [Doc. 37], and the Plaintiffs filed a Reply on November 14, 2011 [Doc. 38].

On November 19, 2011, the Plaintiffs filed a motion seeking the entry of default against Defendant Shehan. [Doc. 39]. No response was filed to this Motion. These matters having been fully briefed, this case is now ripe for disposition.

## II.  ANALYSIS

### A.  Plaintiffs' Motion for Reconsideration

The Court first turns to the Plaintiffs' Motion for Reconsideration of the Order granting the Defendants' Motion to Dismiss. [Doc. 36].

Federal Rule of Civil Procedure 54 provides, in pertinent part, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); see also American Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2002) (noting that a district court retains the power to reconsider and modify interlocutory orders at any time prior to final judgment).

While motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment under Rule 60(b), the Court should grant a Rule 54 motion only under narrow circumstances. Pender v. Bank of Am. Corp., No. 3:05-CV-238-MU, 2011 WL 62115 at *1 (W.D.N.C. Jan. 7, 2011). The Court should reconsider a prior interlocutory order under Rule 54 only when "(1) there has

been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." Akeva L.L.C. v. Adidas Am., Inc., 385 F.Supp.2d 559, 566 (M.D.N.C. 2005).

In the present case, the Plaintiffs do not contend that there has been an intervening change in controlling law or that there is additional evidence not previously available. Rather, the Plaintiffs contend that it was clear error and would work a manifest injustice for the Court to characterize the Plaintiffs' motion as having been brought in bad faith when there was no showing of intentional misconduct by Plaintiffs and no prejudice to the Defendants.

While the Plaintiffs devote several pages of their Motion to showing why their actions were not in bad faith, the Plaintiffs construe the notion of bad faith too narrowly. In the context of motions to amend, bad faith may not only be found, as Plaintiffs suggest, where there is an "intentional dishonest act." [Doc. 36 at 5]. Rather, bad faith may be found where, as here, the facts upon which the proposed amended complaint are based were known to the Plaintiffs prior to filing a motion to amend. See Ferguson v. Maita, 162 F.Supp.2d 433, 441 (W.D.N.C. 2000) ("[w]here the facts upon which the new claim are based were known at the time of the original complaint, and indeed,

pled in that complaint, it is not an abuse of discretion to find bad faith.") (internal citation omitted), aff'd 15 F. App'x 84 (4th Cir. 2001). "Morever, where the motion to amend is predicated on a lack of success in the litigation, such as the Memorandum and Recommendation, leave to amend need not be granted." Id.

In the present case, the Court found that Plaintiffs' counsel represented Steve Marlowe in the underlying criminal case in 2008, and therefore had access to the discovery provided by the State as well as a transcript of the suppression hearing. [See Doc. 33 at 9]. Because the Plaintiffs were in possession of the information upon which they based their newly pled allegations even before the filing of the original Complaint and because the Plaintiffs sought to amend their Complaint only after the Memorandum and Recommendation was entered recommending the dismissal of their claims, the Court did not err in finding that the Plaintiffs had acted in bad faith in seeking leave to amend.

As for the Plaintiffs' contention that the Defendants would not be prejudiced by the Plaintiffs' proposed amendment, the Court has already rejected this argument. As the Plaintiffs do not advance any new arguments on this point, the Court will not address this issue further. See Faris v. SFX

Entertainment, Inc., No. 3:04CV08, 2006 WL 3690632, at *8 (W.D.N.C. Dec. 12, 2006) ("Reconsideration by re-argument is not proper under Rule 54.").

The Plaintiffs alternatively request that the Court sever the minor children and their guardians *ad litem* from the case and allow them to proceed separately, arguing that the minor children had no choice in retaining Plaintiffs' counsel and therefore they should not suffer as a result of his errors. [Doc. 36]. Counsel offers no compelling reason to treat the minor litigants any differently than the other Plaintiffs in this case. All of the Plaintiffs' claims were subject to the same fatal deficiencies identified by the Magistrate Judge and were therefore properly dismissed. The fact that some of these litigants were minor children does not serve to justify counsel's dilatory attempt to revive their claims. Counsel's request to "sever" the minor children from the Court's Order dismissing the Complaint and denying leave to amend is therefore denied.

B.   **Abatement of Claims**

With the entry of the Order granting the Defendants' Motion to Dismiss and denying Plaintiffs leave to amend, the only claims remaining in this action with respect to the County Defendants are Plaintiff Huntley's claims against Defendant Carswell for false arrest under § 1983 and for false arrest, false

9

imprisonment, assault, battery, and intentional infliction of emotional distress under state law.  As noted earlier, Carlton Bill Huntley died in December 2010, and the personal representative of his estate, Casey Joe Huntley, has been substituted as a party plaintiff.

The parties agree that Plaintiff Huntley's claims for false arrest under § 1983 and for false arrest and imprisonment under North Carolina law abated with his death.  [See Docs. 34, 35].  With respect to Plaintiff Huntley's claims for assault, battery, and intentional infliction of emotional distress, Defendant Carswell contends that these claims are necessarily intertwined with the false arrest claim such that they should be deemed included with that abated claim.  [Doc. 35 at 2].  In support of this argument, the Defendant Carswell cites Cloaninger ex rel. Estate of Cloaninger v. McDevitt, 555 F.3d 324 (4th Cir. 2009), for the proposition that under North Carolina law, assault and battery claims are included within a false arrest claim.  In Cloaninger, however, the Fourth Circuit Court of Appeals found that the plaintiff in that case had "present[ed] his assault and battery claim as nothing more than the necessary implication, under state law, of his false imprisonment claim," and thus treated such claim as included in the false imprisonment claim abated by the plaintiff's death.  Id. at 335.  By contrast, in the present case, Plaintiff Huntley has

alleged facts that go beyond the type of assault and battery necessarily implied in a claim of false arrest and imprisonment. Further, the arrest of Huntley is just part of the actions alleged to have been undertaken with the intent of inflicting emotional distress. Accordingly, the Court finds the reasoning of Cloaninger to be inapplicable to the present case. For the foregoing reasons, the Court concludes that Plaintiff Huntley's state law claims for assault, battery, and intentional infliction of emotional distress did not abate upon his death and remain viable claims in this action.

### C. Motion for Entry of Default against Shehan

The Plaintiffs seek the entry of default against the Defendant Charles Grady Shehan pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. [Doc. 39]. The Plaintiffs' Complaint asserts that Shehan, a private individual, jointly participated or conspired with the County Defendants in depriving the Plaintiffs of their constitutional rights. No state law claims are asserted against Shehan.

In light of the dismissal of the Plaintiffs' § 1983 claims against the County Defendants, the Plaintiffs have no cause of action against a private individual who allegedly joined the conspiracy against them. See Lloyd v. Schwartz, No. 99 C 3070, 1999 WL 1044210, at *5 (N.D. Ill. Nov. 9, 1999)

(denying motion for entry of default against private individual who acted as informant where Bivens action against federal actors was dismissed for failure to state a claim). The Complaint therefore must be dismissed as to Shehan, regardless of his failure to answer or otherwise defend this action. See id.

### D. Exercise of Supplemental Jurisdiction

With the only claims remaining in this action being Plaintiff Huntley's state law claims for assault, battery, and intentional infliction of emotional distress against Defendant Carswell, the Court must now determine whether it should continue to exercise supplemental jurisdiction in this matter.

Once all federal claims have been dismissed, a district court in its discretion may decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). "Declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited." Crosby v. City of Gastonia, 682 F.Supp.2d 537, 545 (W.D.N.C. 2010), aff'd, 635 F.3d 634 (4th Cir. 2011), and cert. denied, 132 S.Ct. 112 (2011). In certain cases, however, the equities may weigh in favor of retaining supplemental jurisdiction. Id. In determining whether to retain jurisdiction, the Court should consider "the convenience and

fairness to the parties, existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Id. (quoting Shanaghan, 58 F.3d at 110).

In the present case, there are no comity concerns or underlying issues of federal policy which would weigh heavily in favor of retaining supplemental jurisdiction. Nor do the principles of convenience and fairness to the parties or considerations of judicial economy militate in favor of retaining jurisdiction in this case. The remaining claims are purely matters of state common law involving municipal actors. The present civil action, while filed in this Court more than a year ago, has not progressed past the pleadings stage, and thus it would not unduly prejudice the parties to require them to litigate this matter in a state court. For these reasons, the Court in its discretion declines to exercise supplemental jurisdiction over the state law claims remaining in this matter.

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion for Reconsideration of Memorandum of Decision and Order Denying Plaintiffs' Motion for Leave to Amend Complaint [Doc. 36] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Huntley's claims for false arrest under 42 U.S.C. § 1983 and for false arrest and imprisonment under North Carolina law are **ABATED**.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff Huntley's remaining state law claims for assault, battery, and intentional infliction of emotional distress, and these claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion for Entry of Default against Defendant Charles Grady Shehan [Doc. 39] is **DENIED AS MOOT**, and all claims against Defendant Shehan are hereby **DISMISSED**.

A Judgment consistent with this Order is entered contemporaneously herewith. The Clerk of Court is hereby **DIRECTED** to close this case.

**IT IS SO ORDERED**.

Signed: January 13, 2012

Martin Reidinger
United States District Judge