

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10 CV 264

MAX BAILEY; MARGARET DALTON; )
CASEY JOE HUNTLEY, as personal )
representative for the Estate of CARLTON )
BILL HUNTLEY; K.C., by his guardian )
*ad litem* Robert C. Carpenter, Esq.; A.D., )
by her guardian *ad litem* James W. )
Kilbourne, Jr., Esq.; and STEVE )
MARLOWE, )
 )
    Plaintiffs )
 )        **CONSENT JUDGMENT**
v )
 )
POLK COUNTY, NORTH CAROLINA, )
POLK COUNTY SHERIFF'S )
DEPARTMENT, MATT PRINCE, TRENT )
CARSWELL, CHRIS ABRIL, CHARLES )
GRADY SHEHAN, UNKNOWN POLICE )
OFFICERS, and OTHER UNKNOWN )
STATE AND FEDERAL LAW )
ENFORCEMENT AGENCIES, )
 )
    Defendants )

    **THIS MATTER** is before the undersigned pursuant to a motion filed by counsel for Robert C. Carpenter, guardian *ad litem* for a minor child K.C. and James W. Kilbourne, Jr., guardian *ad litem* for the minor child A.D. entitled "Motion for Approval of Minor Settlement Agreement" (#46). An examination of the pleadings in this matter shows that on November 10, 2012 the minor Plaintiffs

and the adult Plaintiffs filed a Complaint asserting the following claims for relief:

1) False arrest, in violation of 42 U.S.C. § 1983, asserted by all Plaintiffs against all Defendants;

2) Unreasonable detention and confinement, in violation of 42 U.S.C. § 1983, asserted by all Plaintiffs against all Defendants;

3) Unreasonable search, in violation of 42 U.S.C. § 1983, asserted by all Plaintiffs against all Defendants;

4) Conspiracy, in violation of 42 U.S.C. § 1983, asserted by all Plaintiffs against all Defendants;

5) Deprivation of constitutional rights pursuant to an unlawful policy or custom in violation of 42 U.S.C. § 1983, asserted by all Plaintiffs against Sheriff Abril, the Sheriff's Department, and the Unknown State and Federal Law Enforcement Agencies;

6) False arrest and imprisonment in violation of North Carolina law, asserted by Plaintiffs Bailey, Dalton, Huntley, L.C., and A.D. against Prince, Carswell, and the Unknown Police Officers and against the Sheriff's Department, Sheriff Abril, and the Unknown State and Federal Law Enforcement Agencies under the doctrine of *respondeat superior*;

7) Assault in violation of North Carolina law, asserted by Plaintiffs Huntley, Dalton, K.C., and A.D. against Carswell and the unknown Police Officers and against the Sheriff's Department, Sheriff Abril, and the Unknown State and Federal Law Enforcement Agencies under the doctrine of *respondeat superior*;

8) Battery in violation of North Carolina law, asserted by Plaintiffs Huntley and Bailey against Carswell and the Unknown Police Officers and against the Sheriff's Department, Sheriff Abril, and the Unknown State and Federal Law Enforcement Agencies under the doctrine of *respondeat superior*;

9) Intentional infliction of emotional distress in violation of North Carolina law, asserted by all Plaintiffs against all Defendants;

10) Property damage in violation of North Carolina law, asserted by Plaintiffs Bailey, Marlowe, and Huntley against all Defendants; and

11) Municipal liability under 42 U.S.C. § 1983, asserted by all Plaintiffs against Polk County.

As minors, any resolution of this matter regarding the claims of the minor children K.C. and A.D. must be approved by the presiding judge pursuant to N.C.G.S. § 1-402. The undersigned entered an oral Order on October 1, 2012 setting a hearing for the purpose of hearing evidence in this matter and for the making of a determination as to whether or not to approve the settlement in this case. The Plaintiffs and the Defendants have filed a Joint Stipulation of Consent to the Exercise of the Jurisdiction of this Court as provided by 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (#53)

From the pleadings, the evidence offered in this matter, and the arguments of counsel for Plaintiffs and Defendants, the undersigned makes the following findings of fact:

### **FINDINGS OF FACT**

1.

In the Complaint, Plaintiffs' counsel allege as follows:

Plaintiff K.C. is a minor child and natural person residing at 317

Hickory Hollow Drive, Mill Spring, NC 28756, and was a resident of North Carolina during all relevant times of this action. K.C. appears in this action through his mother and next friend, Plaintiff Margaret Dalton.

Plaintiff A.D. is a minor child and natural person residing at 317 Hickory Hollow Drive, Mill Spring, NC 28756, and was a resident of North Carolina during all relevant times of this action. A.D. appears in this action through her grandmother, legal guardian and next friend, Plaintiff Margaret Dalton. (#1, ¶¶ 7, 8)

2.

After making a preliminary review of the Complaint, this Court found that Plaintiffs' counsel had not complied with the Federal Rules of Civil Procedure regarding the appointment of guardian *ad litem* to represent the interests of the minor Plaintiffs in this matter and entered an Order (#12) on January 6, 2011 ordering Plaintiffs' counsel to file motions regard the appointment of an appropriate guardian *ad litem*. Thereafter, Plaintiffs' counsel filed a Motion for Appointment of Guardian *ad litem* (#13) and thereafter the undersigned entered an Order appointing Robert C. Carpenter as guardian *ad litem* for the minor Plaintiff K.C. and James W. Kilbourne, Jr. as guardian *ad litem* for the minor Plaintiff A.D.

3.

The allegations of the Plaintiffs' Complaint allege that the defendants, during the service and execution of a search warrant, went into a dwelling house in

which the Plaintiff Margaret Dalton and the two minor children were located. (# 1, ¶ 42) It is further alleged that at that time, the Defendants "leveled their weapons at the woman and children, ordered them face down on the ground and held them at gun point while the officers entered and searched the home". The Complaint alleges the search warrant, which was being executed, had been procured by false statements and as a result the constitutional rights of the minor children K.C. and A.D. were violated and that acts of intentional infliction of emotional distress were inflicted upon the two minor children by the acts of the Defendants. (#1, ¶¶ 93-110)

4.

The Defendants filed motions to dismiss and thereafter, United States District Judge Martin Reidinger issued a Memorandum of Decision and Order (#33) dismissing a number of the Plaintiffs' causes of action. Thereafter, Judge Reidinger issued a further Memorandum of Decision and Order (#40) denying the Plaintiffs' Motion for Reconsideration and a Motion to Amend the Plaintiffs' Complaint. The Plaintiffs appealed these decisions to the United States Court of Appeals for the Fourth Circuit. While the case was pending before the Circuit Court, the parties in this action participated in a mediated settlement conference through the Fourth Circuit Mediation Program which resulted in an agreement

whereby all Plaintiffs, including the adult Plaintiffs and the two minor children Plaintiffs, would dismiss their appeal with prejudice in exchange for a lump sum payment of Nine Thousand ($9,000) Dollars. Thereafter, the United States Court of Appeals for the Fourth Circuit entered an Order on July 19, 2012 remanding the case to the District Court "In order that the parties may seek approval of the settlement agreement". (#46-1)

5.

After the completion of the mediated settlement conference, the Plaintiffs entered into discussions between themselves, which included all of the adult Plaintiffs, Mr. Carpenter as guardian *ad litem* for the minor Plaintiff K.C. and Mr. Kilbourne who is guardian *ad litem* for the minor Plaintiff A.D. Also participating in those discussions were Margaret Dalton who is the mother of K.C. and Lorna Tessneer, an employee of the North Carolina Department of Social Services for Polk County, North Carolina. The Department of Social Services has been assigned to oversee the affairs of A.D. who is currently in the custody of that department of social services. As a result of those discussions, it has been represented to the Court that the adult Plaintiffs and the guardians *ad litem* have agreed to the following distribution of the Nine Thousand ($9,000) Dollar settlement sum:

|            | % of settlement | Gross | Scales fee | Costs  | Other Fees/costs | Pay out |
|------------|-----------------|-------|------------|--------|------------------|---------|
| M. Bailey  | 11%             | 990   | 330        | 159.17 |                  | 500.83  |
| M. Dalton  | 11%             | 990   | 330        | 159.17 |                  | 500.83  |
| S. Marlowe | 11%             | 990   | 330        | 159.17 |                  | 500.83  |
| C. Huntley | 11%             | 990   | 330        | 159.17 | 286              | 214.83  |
| A.D.       | 28%             | 2520  | 0          | 159.17 | 850              | 1510.83 |
| K.C.       | 28%             | 2520  | 0          | 159.17 | 850              | 1510.83 |
|            | 100%            | 9000  | 1320       | 955    | 1986             | 4739.00 |

6.

Pursuant to the agreement, the minor Plaintiff K.C. will receive 28% of the $9,000 settlement sum for a total recovery of $2,520. There will be deducted from that amount the sum of $159.17 representing a proportionate part of out-of-pocket costs incurred by the attorney for the Plaintiff, Ben C. Scales, Jr. Robert C. Carpenter, guardian *ad litem* for the minor Plaintiff will receive $850 as his fees for his participation in this legal action. The sum of $1,510.83 shall be paid to the Clerk of Superior Court of Polk County to be held by the Clerk for K.C. upon interest as provided by law and which is to be disbursed to K.C. upon the child's attaining the age of majority or upon such appropriate court order as shall be entered.

7.

Pursuant to the agreement, the minor Plaintiff A.D. will receive 28% of the $9,000 settlement sum for a total recovery of $2,520. There will be deducted from that amount the sum of $159.17 representing a proportionate part of out-of-pocket costs incurred by the attorney for the Plaintiff, Ben C. Scales, Jr. James W.

Kilbourne, Jr., guardian *ad litem* for the minor Plaintiff will receive $850 as his fees for his participation in this legal action. The sum of $1,510.83 shall be paid to the Clerk of Superior Court of Polk County to be held by the Clerk for A.D. upon interest as provided by law and which is to be disbursed to A.D. upon the child's attaining the age of majority or upon such appropriate court order as shall be entered.

8.

The attorney for the minor Plaintiffs, Ben C. Scales, Jr. has rendered valuable services on behalf of each of the minor Plaintiffs. Mr. Scales, however, has agreed as a part of the settlement that he shall not receive or take any fee for payment for his services for either the minor Plaintiff K.C. or the minor Plaintiff A.D. Mr. Scales has incurred the following out-of-pocket costs and expenses:

| Date | Description | Amount |
|---|---|---|
| 10/13/2010 | Notary fee for signing verified complaint | 25.00 |
| 11/10/2010 | Complaint filing fee | 350.00 |
| 12/15/2010 | Process server fees | 100.00 |
| 12/21/2010 | Process server fee - notice of appeal Shehan | 25.00 |
| 2/15/2012 | Appeal filing fee | 455.00 |
| | Out-of-pocket costs for which reimbursement is sought | 955.00 |

9.

It has been agreed that the out-of-pocket costs of Plaintiffs' counsel shall be divided proportionally such that the minor Plaintiff K.C. shall incur costs of

$159.17 and the minor Plaintiff A.D. shall incur costs of $159.17, both of which shall be paid to counsel for the Plaintiffs.

10.

The Court has made due inquiry into the facts and circumstances as referenced in the dispute described in the pleadings. The Court has read all pleadings in this matter including the Memorandum and Recommendation (#24) entered by the undersigned on March 7, 2011; the Memorandum of Decision and Order (#33) entered by United States District Judge Martin Reidinger on September 29, 2011; and the Memorandum of Decision and Order (#40) entered by Judge Reidinger in this matter on January 17, 2012. The undersigned has also read and considered the Motion for Approval of Minor Settlement Agreement and the attached Release of All Claims (#46). Without expressing an opinion as to the merits of the appeal of Plaintiffs, which might or might not be allowed by the Fourth Circuit Court of Appeals, it would appear to the undersigned that if this matter did go to trial that there would be presented to the jury for consideration the fact that neither the minor Plaintiff K.C. nor the minor Plaintiff A.D. incurred any medical bills and expenses for any type of treatment. It further appears that neither the minor Plaintiff K.C. nor the minor Plaintiff A.D. ever received any type of psychological or psychiatric treatment which can be attributed to the acts of the

Defendants. If the appeal was allowed and this matter went to trial, the jury could answer questions presented to them in the negative and in that event, the minor Plaintiffs K.C. and A.D. could obtain no recovery whatsoever. If the jury answered the questions in the affirmative, the amount of damages would be determined by what value the jury might ascribe to the violation of the constitutional rights of the minor Plaintiffs K.C. and A.D. and thus the minor Plaintiffs, having no special damages, could suffer a substantial risk that a jury verdict could be for only nominal damages.

11.

The undersigned has consulted in open court with counsel for the minor Plaintiff K.C. and A.D., with the guardian *ad litem* of K.C., Mr. Carpenter, with the guardian *ad litem* of A.D., Mr. Kilbourne, and with the minor Plaintiff K.C. A.D. is a seven year old female in the custody of the Department of Social Services of Polk County. The Department of Social Services of Polk County was advised of the hearing that was scheduled today and were requested by Mr. Kilbourne to be present.

The undersigned has explained the risks associated with pursuing this case on appeal and has explained that this settlement, if approved, will be a full and final settlement of all claims of the adult Plaintiffs and the minor Plaintiffs in this

case. As a result of such consultation, the Court is of the opinion that a settlement in this matter in favor of the minor Plaintiff K.C. in the amount of $2,520 and a settlement in this matter in favor of the minor Plaintiff A.D. in the amount of $2,520 is a fit and proper and just payment by the Defendants in full satisfaction of all claims that might be asserted by the minor Plaintiffs. The Court further finds that it is in the best interest of each of the minor Plaintiffs that such settlement be approved by this Court.

12.

The attorney for the minor Plaintiffs has rendered valuable services on behalf of the minor Plaintiffs but he has determined that he shall not require nor receive a fee for his services for the minor Plaintiffs. The attorney for the minor Plaintiffs has advised he is seeking a reimbursement for his out-of-pocket expenses and costs and the Court finds that a recovery from the settlement sum provided for K.C. in the amount of $159.17 is a fair and reasonable reimbursement for counsel for the minor Plaintiff. The undersigned further finds that a fee in the amount of $850 is a fair and reasonable fee to pay to Robert C. Carpenter for his services as a guardian *ad litem*. The Court also finds that a recovery from the settlement sum provided for A.D. in the amount of $159.17 is a fair and reasonable reimbursement for counsel for the minor Plaintiff. The undersigned further finds that a fee in the

amount of $850 is a fair and reasonable fee to pay to James W. Kilbourne, Jr. for his services as a guardian *ad litem*.

From the foregoing findings of fact the court makes the following conclusions of law:

## **CONCLUSIONS OF LAW**

(1)

That Robert C. Carpenter was duly appointed as the guardian *ad litem* for the minor Plaintiff K.C. by order of this Court.

(2)

That James W. Kilbourne, Jr. was duly appointed as the guardian *ad litem* for the minor Plaintiff A.D. by order of this Court.

(3)

That at all parties are properly before the Court as are necessary for the settlement of the claims in this matter.

(4)

That after hearing the evidence in this case, the Court finds that it is in the best interest of each of the minor Plaintiffs that the sum of $2,520 be received by each of them in full satisfaction of all claims that might be asserted, after a deduction for the proportionate amount of out-of-pocket costs to be reimbursed and

paid to the minor Plaintiffs' counsel, Ben C. Scales, Jr. from the recovery for each minor Plaintiff in the amount of $159.17 and there be a further deduction of the amount of $850 for the use and benefit of K.C. to Robert C. Carpenter for his services as guardian *ad litem* and there be a payment from the sums of money due and owing to the minor Plaintiff A.D. to James W. Kilbourne, Jr. for his services as guardian *ad litem*. The payment of the sum of $9,000 when paid, shall be in full and complete settlement of all claims presented on behalf of the minor Plaintiffs K.C. and A.D. and on behalf of all of the adult Plaintiffs.

## ORDER

**NOW, THEREFORE,** by and with consent of the Plaintiffs and the Defendants as evidenced by the signatures of the guardian ad litem for the minor Plaintiff K.C. and the guardian ad litem for the minor Plaintiff A.D. and the attorneys respectfully for said parties whose signatures are herewith affixed to this Judgement it is **ORDERED, ADJUDGED AND DECREED**:

(1)

That the minor Plaintiff K.C. shall have and recover judgment of the Defendants in the sum of $2,520;

(2)

That the minor Plaintiff A.D. shall have and recover judgment of the Defendants in the sum of $2,520;

(3)

That this judgment, when paid in full, shall be a full and final bar in favor of the Defendants from any claims of the minor Plaintiff K.C. or the minor Plaintiff A.D. or anyone acting on behalf of said persons to any and all actions or causes of actions which said minor Plaintiffs have or ever had against the Defendants;

(4)

The Court further orders and directs that the sums set forth above shall be disbursed by the Defendant as follows:

(a) To the Clerk of Superior Court of Polk County the sum of $1,510.83 to be held by the Clerk for K.C. upon interest as provided by law which is to be disbursed to K.C. upon their attaining the age of majority or upon such appropriate court order as shall be entered;

(b) To the Clerk of Superior Court of Polk County the sum of $1,510.83 to be held by the Clerk for A.D. upon interest as provided by law which is to be disbursed to A.D. upon their attaining the age of majority or upon such appropriate court order as shall be entered;

(c) The sum of $850 be paid to Robert C. Carpenter for his services as guardian *ad litem* for K.C.;

(d) The sum of $850 be paid to James W. Kilbourne, Jr. for his services as guardian *ad litem* for A.D.;

(e) The sum of $318.34 be paid to Ben C. Scales, Jr. attorney for the Plaintiff as reimbursement for costs and expenses advanced.

5.

IT IS FURTHER **ORDERED** that a Stipulation of Dismissal with prejudice shall be filed in this cause signed by counsel for the Plaintiffs and counsel for the Defendants. It is further **ORDERED** the guardians *ad litem* and the attorney for the minor Plaintiffs K.C. and A.D. are hereby authorized and directed to execute and deliver to the Defendants and their counsel or their representatives such documents as are necessary to implement the provisions of the Release Agreement as to all parties, including but not limited to Covenants Not to Sue and Complete and Final Releases, Waivers and Discharges from any and all claims and demands of the minor Plaintiff K.C., the minor Plaintiff A.D, and the adult Plaintiffs by reason of any claims presented in the Plaintiffs' Complaint.

6.

IT IS FURTHER **ORDERED** that two certified copies of this Order are to be prepared and forwarded by the Clerk of this Court to the Clerk of Superior of Polk County, North Carolina.

Judgment in this matter is entered in open court on this the 19th day of October, 2012.

WE CONSENT:

_____
Ben C. Scales, Jr. Attorney for Plaintiff

_____
Robert C. Carpenter, Guardian *ad litem*
for minor Plaintiff K.C.

_____
James W. Kilbourne, Jr., Guardian *ad litem* for minor Plaintiff A.D.

_____
Sean Perrin, Attorney for Defendants

_____
Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina